1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SERGAYE LAFAYETTE-PRICE,                    No.  2:15-cv-1948 KJN P

12              Plaintiff,

13        v.                                       ORDER

14    SACRAMENTO COUNTY, et al.,

15              Defendants.

16

17        Plaintiff is a prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42

18    U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20    § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C.

22    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

26   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

27   the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

28   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1    In reviewing a complaint under this standard, the court must accept as true the allegations of the

2    complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

3    favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

4    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5            Named as defendants are Sacramento County, Walter Patten, Valley State Prison for

6    Women ("VSPW") and Sacramento County Probation.

7            Plaintiff challenges prison conditions at VSPW, where she was previously incarcerated.

8    The only defendant named in connection with these claims is defendant VSPW.

9            "The Judicial power of the United States shall not be construed to extend to any suit in

10   law or equity, commenced or prosecuted against one of the United States by Citizens of another

11   State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Under the

12   Eleventh Amendment, federal courts may not entertain a lawsuit brought by a citizen against a

13   state, its agencies, or departments without the state's consent.  Seminole Tribe of Florida v.

14   Florida, 517 U.S. 44, 54 (1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100

15   (1984).

16           State prisons are considered state agencies for purposes of the Eleventh Amendment.

17   Allison v. California Youth Authority, 419 F.2d 822, 823 (9th Cir. 1969).  Accordingly,

18   plaintiff's claims against defendant VSPW are dismissed on grounds that they are barred by the

19   Eleventh Amendment.  If plaintiff files an amended complaint containing claims regarding the

20   conditions at VSPW, she may name as defendants those individuals who caused the alleged

21   deprivations.

22           Plaintiff goes on to allege that her husband received inadequate medical care following his

23   arrest.  It appears that defendants Sacramento County, Walter Patten and Sacramento County

24   Probation are named in connection with these claims.  Non-lawyers, such as plaintiff, have no

25   authority to prosecute lawsuits on behalf of other individuals.  See, e.g., Johns v. Cnty. of San

26   Diego, 114 F.3d 874, 877 (9th Cir. 1997).  Accordingly, plaintiff's claims brought on behalf of

27   her husband are dismissed on grounds that plaintiff is not authorized to bring an action on his

28   behalf.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

2  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

3  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

4  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

5  some affirmative link or connection between a defendant's actions and the claimed deprivation.

6  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

7  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

8  rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

9    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11  complaint be complete in itself without reference to any prior pleading.  This requirement exists

12  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

13  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

14  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

15  original complaint, each claim and the involvement of each defendant must be sufficiently

16  alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22  Sacramento County Sheriff filed concurrently herewith.

23    3.  Plaintiff's complaint is dismissed.

24    4.  Within thirty days from the date of this order, plaintiff shall complete the attached

25  Notice of Amendment and submit the following documents to the court:

26        a.  The completed Notice of Amendment; and

27        b.  An original and one copy of the Amended Complaint.

28  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

4

1   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

2   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

3   Failure to file an amended complaint in accordance with this order may result in the dismissal of

4   this action.

5   Dated:  October 22, 2015

6

7                                              KENDALL J. NEWMAN
                                               UNITED STATES MAGISTRATE JUDGE

8
    La1948.14
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SERGAYE LAFAYETTE-PRICE,                    No.  2:  15-cv-1948 KJN P

12              Plaintiff,

13         v.                                    NOTICE OF AMENDMENT

14   SACRAMENTO COUNTY, et al.,

15              Defendants.

16

17         Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19         _____          Amended Complaint
     DATED:
20

21                                   _____

22                                   Plaintiff

23

24

25

26

27

28